# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND G. TOTE,<br><br>　　　　Defendant. | Case No. 1:14-mj-00212-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 13) |

On April 16, 2015, Defendant Raymond G. Tote ("Defendant") filed a motion to dismiss. (ECF No. 13.) Plaintiff United States of America ("Plaintiff" or "the Government") filed an opposition on April 29, 2015. (ECF No. 14.) Defendant filed a reply on May 1, 2015. (ECF No. 15.) Defendant's motion was submitted to this Court upon Defendant's consent to proceed before a United States Magistrate Judge, filed on May 11, 2015. (ECF No. 18.)

The matter was heard on May 7, 2015. Jason Kerlan appeared on behalf of Defendant. Bayleigh Pettigrew appeared on behalf of the Government. For the reasons set forth below, Defendant's motion is denied.

## I.

## BACKGROUND

On November 24, 2014, the Government filed an information charging Defendant with one count of possession of marijuana (21 U.S.C. § 844) and one count of driving a vehicle while

under the influence of any drug (18 U.S.C. § 13).  The count of driving a vehicle while under the influence of any drug was dismissed on December 4, 2014.  (ECF No. 6.)  A superseding information was filed by the Government on December 5, 2014 alleging the one count of possession of marijuana.  (ECF No. 4.)

The events alleged by the Government giving rise to the charges in this action are as follows.  On September 21, 2014, Forest Service Law Enforcement Officer Cooper Fouch was conducting vehicle patrol in a marked patrol vehicle in the Sierra National Forest.  While driving southbound on Forest Road 5S07, Officer Fouch approached another vehicle, a 1994 Jeep Wrangler, driving southbound and detected the smell of burning marijuana.  Officer Fouch also saw smoke emitting from the driver's side of the vehicle.  Officer Fouch followed the vehicle for approximately half a mile and continued to smell the odor of burning marijuana.

Officer Fouch conducted a traffic stop on the 1994 Jeep Wrangler.  The driver identified himself as Defendant Raymond Tote.  Defendant provided Officer Fouch with a driver's license and a California medical marijuana card.  Officer Fouch continued to smell the odor of marijuana from the vehicle as well as from Defendant's breath.  When asked if he knew why Officer Fouch had pulled him over, Defendant responded "Because I was smoking...I hit a pipe."  Defendant indicated he had just started smoking before being pulled over and had taken one or two puffs.

When asked what he used to smoke the marijuana, Defendant handed Officer Fouch an orange plastic tube with a brass fitting, which was still warm.  Defendant also supplied a yellow glass container with numerous spent marijuana cigarettes.

## II.

## LEGAL STANDARDS

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  "A defense is thus "capable of determination" if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  U.S. v. Covington, 395 U.S. 57, 60 (1969).

In ruling on a motion to dismiss in the criminal context, the Court may consider extrinsic

1  evidence. Covington, 395 U.S. at 60; see also Fed. R. Crim. P. 12(d) ("When factual issues are
2  involved in deciding a motion, the court must state its essential findings on the record."). "[A]
3  district court may make preliminary findings of fact necessary to decide the questions of law
4  presented by pre-trial motions so long as the court's findings on the motion do not invade the
5  province of the ultimate finder of fact." U.S. v. Shortt Accountancy Corp., 785 F.2d 1448, 1452
6  (9th Cir. 1986). "Under this standard, the district court must decide the issue raised in the
7  pretrial motion before trial if it is 'entirely segregable' from the evidence to be presented at
8  trial." Id.

### III.

### DISCUSSION

Defendant raises three issues in his motion to dismiss. First, Defendant argues that prosecution of this action violates the Consolidated and Further Continuing Appropriations Act of 2015. Second, Defendant argues that classification of marijuana as a Schedule I controlled substance violates the equal protection component of the Due Process Clause of the Fifth Amendment. Third, Defendant argues that the selective enforcement of marijuana laws violates the principle of equal sovereignty.

**A.    Consolidated and Further Continuing Appropriations Act**

Defendant argues that the prosecution of this action violates the Rohrabacher-Farr Amendment to the Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113-235, 128 Stat 2130. With respect to the use of funds to enforce marijuana laws, the act states:

> SEC. 538. None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113-235, 128 Stat

2130, 2217.

Defendant argues that he possesses a valid prescription from a California licensed physician for marijuana. Defendant further argues that prosecution of this action would prevent California from implementing its own state laws authorizing the use, distribution, possession, or cultivation of medical marijuana. See Cal. Health and Safety Code § 11362.77 (authorizing use of medical marijuana).

Although Defendant cites legislative history which suggests that it was the intent of the Rohrabacher-Farr Amendment to give states more control over policy regarding the use of medical marijuana, Defendant does not cite any authority which suggests that the proper remedy in this action would be dismissal of the information. The Rohrabacher-Farr Amendment concerns funding—it did not repeal federal laws criminalizing the possession of marijuana, 21 U.S.C. § 844. If Congress intended to legalize the possession of marijuana under federal law, they could have repealed or amended the Controlled Substances Act to accomplish that goal in a straightforward manner. Defendant cites no authority which suggests that the proper remedy for the expenditure of funds in violation of the Rohrabacher-Farr Amendment would be the dismissal of the information against Defendant when Congress chose not to repeal the statutory provisions giving rise to criminal liability against Defendant.

Dismissal on the grounds of prosecutorial misconduct provides the closest analogy in the Court's mind to the dismissal advocated by Defendant in this action:

> The Court's power to dismiss an indictment on the ground of prosecutorial misconduct is frequently discussed but rarely invoked. Courts are rightly reluctant to encroach on the constitutionally-based independence of the prosecutor and grand jury. The Court "will not interfere with the Attorney General's prosecutorial discretion unless it is abused to such an extent as to be arbitrary and capricious and violative of due process." [Citation.]

U.S. v. Samango, 607 F.2d 877, 881 (9th Cir. 1979) (quoting United States v. Welch, 572 F.2d 1359, 1360 (9th Cir. 1978)). The Court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation, or, alternatively, under the Court's supervisory powers. U.S. v. Chapman, 524 F.3d 1073, 1084 (9th Cir. 2008).

1  However, dismissal is only permitted when the defendant suffers "substantial prejudice" and "no
2  lesser remedial action is available." Id. at 1087.  Defendant cannot be said to have suffered
3  prejudice as a result of the prosecution of this action, even if the Department of Justice's
4  expenditure of funds violates the Rohrabacher-Farr Amendment.  As noted above, the possession
5  of marijuana remains a criminal offense.  Further, lesser remedial action is available in the form
6  of the remedies provided under the Anti-Deficiency Act, 31 U.S.C. § 1341, et seq., which
7  appropriately aims any remedial action toward the Department of Justice, rather than providing
8  Defendant with a free pass to violate federal criminal laws regarding possession that remain in
9  effect irrespective of the Rohrabacher-Farr Amendment.

10      Taken to its logical conclusion, Defendant's position would yield illogical results.  If the
11  Court were to place a probation restriction on an individual defendant prohibiting him from using
12  medical marijuana, under Defendant's interpretation, the Department of Justice would be
13  prohibited from appearing or taking a position relating to a lawfully imposed court restriction
14  under federal law.  In essence, the Department of Justice could be accused of prosecuting a
15  probation violation under the Rohrabacher-Farr Amendment, raising separation of powers
16  issues.[1]

17      The Government notes that, in this case, there can be no interference with California's
18  laws regarding the use of medical marijuana because Defendant was alleged to have been under
19  the influence of marijuana while driving his automobile.  The Government notes that driving
20  under the influence of any drug constitutes a violation of California Vehicle Code Section
21  23152(e).  The use of marijuana while in a motor vehicle that is being operated is also prohibited
22  by California Health and Safety Code § 11362.79(d) regardless of whether the person possesses
23  a medical marijuana license.

24      The Court is cognizant of the fact that the Government's charge against Defendant for

---

[1] It must also be noted that the arresting agency in this case is the United States Forest Service, an agency of the United States Department of Agriculture, not the Department of Justice.  Under the Rohrabacher-Farr Amendment the Forest Service's actions would not bar them from enforcing federal law, but, once the matter was referred to the Department of Justice for actual prosecution in a court, their action would be barred under the amendment.  Conceivably this application could also implicate separation of powers concerns by denying the Executive branch the ability to faithfully execute the laws of the United States when one Executive branch agency has the ability to enforce the laws and yet another would be denied enforcement due to a fiscal amendment.

driving under the influence was dismissed on December 4, 2014. This charge was apparently dismissed because the United States Forest Service did not have jurisdiction to cite an individual for driving under the influence. (United States' Opp'n to Def. Tote's Mot. to Dismiss, at pg. 3:7-9.) Nonetheless, the issue raised in Defendant's motion to dismiss is whether prosecution of this action constitutes the Department of Justice's use of appropriations funds to prevent California from implementing its own laws regarding the use of medical marijuana.

Defendant argues that he is entitled to dismissal of the information based upon facts beyond the elements of the underlying crime. Assuming, without deciding, that such an affirmative defense is valid, Defendant bears the burden of proving this affirmative defense by demonstrating that his conduct was in conformity with California's laws and the Government's conduct constitutes a violation of the Consolidated and Further Continuing Appropriations Act of 2015 by interfering with California's implementation of its medical marijuana laws. See Smith v. U.S., 133 S. Ct. 714, 719-20 (2013). However, at first blush this amendment does not appear to the Court to be an affirmative defense. Affirmative defenses are often defined in criminal law jurisprudence by way of the common law or statutory enactment through the crime itself . The amendment does not address a defense to the actus rea or mens rea of a crime, those essential elements the government must prove against the accused. Again, the amendment appears to be fiscal in application.

The facts alleged in this case suggest that Defendant was using marijuana in a manner that violates California law. Defendant submitted no evidence in support of his motion to dismiss rebutting the allegations suggesting that he was driving under the influence in violation of California law. Moreover, Defendant has produced little proof that his possession and consumption of marijuana was authorized by state law pursuant to a valid medical marijuana prescription and that the Department of Justice's actions thereby constitute an interference with California's medical marijuana regime. Defendant's arguments may be better suited for a post-trial motion after the relevant facts have been established.

Based upon the foregoing, the Court finds that Defendant is not entitled to dismissal of the information and this action; and Defendant has not demonstrated that prosecution of this

action violates the Consolidated and Further Continuing Appropriations Act of 2015.

### B.     Equal Protection

Defendant argues that classification of marijuana as a Schedule I controlled substance violates the Equal Protection component of the Fifth Amendment's Due Process Clause.

As an initial matter, the Court notes that Defendant made little effort to brief this issue or present evidence in support of his arguments. Instead, Defendant simply asked the Court to take judicial notice of the arguments and evidence submitted in United States v. Schweder, et al., Case No. 2:11-cr-449 KJM, which involved the prosecution of a number of defendants for the cultivation of at least 1,000 marijuana plants.

The Court disapproves of Defendant's attempt to ride the coattails of arguments and evidence presented in an entirely different case while making little-to-no effort to explain how those arguments and evidence are relevant to this case. Furthermore, the concept of judicial notice cannot be used to "import" evidence admitted from one case to another. "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." M/V American Queen v. San Digeo Marine Const. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (citing 29 Am. Jur. 2d Evidence § 58 (1967)). The Court may take judicial notice of the fact that evidence was admitted in the Schweder case. However, the Court will not take judicial notice for the purpose of using that same evidence to prove the facts relevant in this action.

Defendant's equal protection challenge to the classification of marijuana as a Schedule I drug has been rejected by the Ninth Circuit. See United States v. Miroyan, 577 F.2d 489, 495 (9th Cir. 1978) overruled on other grounds by U.S. v. Pineda-Moreno, 688 F.3d 1087 (9th Cir. 2012). Further, Defendant fails to present any evidence in this action that circumstances have changed, warranting a re-examination of the rationality of the classification of marijuana. See U.S. v. Washington, 887 F. Supp. 2d 1077, 1103 (D. Mont. 2012). Accordingly, the Court rejects Defendant's motion to dismiss on this ground.

### C.     Doctrine of Equal Sovereignty

Defendant argues that the doctrine of equal sovereignty applies in this context. "Not only do States retain sovereignty under the Constitution, there is also a 'fundamental principle of *equal* sovereignty' among the States. Shelby County, Ala. v. Holder, 133 S. Ct. 2612, 2623 (2013) (quoting Northwest Austin Mun. Utility Dist. No. One v. Holder, 557 U.S. 193, 203 (2009)) (italics in original). "[T[he fundamental principle of equal sovereignty remains highly pertinent in assessing ... disparate treatment of States." Id. at 2624 (citing Northwest Austin Mun. Utility Dist. No. One, 557 U.S. at 203). Defendants argue that federal criminalization of marijuana laws and selective enforcement of those laws imposes a disparate impact on states in violation of the doctrine of equal sovereignty.

Somewhat ironically, the doctrine of equal sovereignty presents a stronger argument to reject Defendant's interpretation of the Rohrabacher-Farr Amendment. Defendant's interpretation of the Rohrabacher-Farr Amendment would create disparate treatment between the 32 states mentioned in the Rohrabacher-Farr Amendment versus the 18 states unaffected by the Rohrabacher-Farr Amendment. Under Defendant's argument, use of marijuana for medicinal purposes would be federally prosecuted in 18 states while left unprosecuted and effectively legalized as far as federal law is concerned in the remaining 32 states.

In contrast, Defendant presents no evidence that federal enforcement of the Controlled Substances Act would present such disparate treatment among the states. The Controlled Substances Act applies with equal force in all 50 states, regardless of any state laws regarding the use of marijuana. Accordingly, the Court rejects Defendant's motion to dismiss under the doctrine of equal sovereignty. See U.S. v. Pickard, No. 2:11-cr-449-KJM, 2015 WL 1767536, at *25 (E.D. Cal. Apr. 17, 2015).

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Defendant has not demonstrated that dismissal of the information in this action is warranted.

Accordingly, it is HEREBY ORDERED that

1. Defendant's motion to dismiss is DENIED; and

2. A further status conference is set for June 18, 2015 at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone.

IT IS SO ORDERED.

Dated: **June 12, 2015**

UNITED STATES MAGISTRATE JUDGE